# UNITED STATES DISTRICT COURT
# FOR THE EASTERN DISTRICT OF MISSOURI
# EASTERN DIVISION

| | |
|---|---|
| SCOTT PEARLSTONE, individually and on behalf of similarly situated individuals,  )<br>)<br>*Plaintiff*,  )<br>)<br>v.  )<br>)<br>WAL-MART STORES, INC.,  )<br>)<br>*Defendant*.  )<br>) | Case No. 4:17-cv-02856-HEA<br><br>Hon. Henry Edward Autrey |

## FINAL ORDER AND JUDGMENT

This matter having come before the Court for consideration of Plaintiff's Unopposed Motion for Final Approval of Class Action Settlement and Motion for Approval of Attorneys' Fees, Litigation Expenses, and Incentive Award, due and adequate notice having been given to all Parties and the Settlement Class Members, and the Court being fully advised in the premises,

**IT IS HEREBY ORDERED, ADJUDGED, and DECREED:**

1. Unless stated otherwise, all capitalized terms used in this Final Order and Judgment shall be defined and interpreted in accordance with the definitions in the Parties' Settlement Agreement.

2. The Court has read and considered the papers filed in support of Plaintiff's Motions, including all exhibits thereto and supporting declarations. The Parties have provided the Court with sufficient information to enable it to determine whether to certify the Settlement Class and finally approve the Settlement.

3. The Court finds that it has jurisdiction over the subject matter of the Litigation and all claims raised therein and has personal jurisdiction over all Parties to the Litigation, including all Settlement Class Members.

4. The Court preliminarily approved the Parties' Settlement Agreement in its Preliminary Approval Order dated November 25, 2020. Pursuant to Federal Rule 23(c)(2), the Court's Preliminary Approval Order, and the Parties' Notice Plan, the Settlement Class Members were notified of the terms of the proposed Settlement and of a final approval hearing to determine, *inter alia*, whether the terms and conditions of the Settlement Agreement are fair, reasonable, and adequate for the release and dismissal of the released claims against the Releasees.

5. The Court held a final approval hearing on April 22, 2021 at 11:00 a.m., at which time the Parties and all other interested persons were afforded the opportunity to be heard in support of or in opposition to the Settlement. Settlement Class Members were notified of their right to retain an attorney and appear at the hearing in support of or in opposition to the proposed Settlement.

6. Pursuant to Federal Rule 23(a), (b)(3), and (e), and solely for purposes of settlement, the Court finally approves certification of the following Settlement Class:

> All individuals who, during the Class Period, returned an item purchased from a Walmart store, Sam's Club store, or online from Walmart.com or Samsclub.com for pickup or delivery within the United States, and to whom Walmart or Sam's Club gave a refund or credit, but the amount of sales tax refunded or credited was less than the full amount of sales tax paid at the time the item was purchased.

7. Based on the papers filed with the Court and the presentations made to the Court by the Parties and other interested persons at the final approval hearing, and pursuant to Federal Rule 23(e)(2), the Court now grants final approval to the Settlement and finds that the Settlement Agreement is fair, reasonable, adequate, and in the best interests of the Settlement Class Members,

because: Plaintiff and Settlement Class Counsel have adequately and capably represented the Settlement Class; the Settlement Agreement was negotiated at arms-length between the Parties and only reached following a mediation with the assistance of the Hon. James F. Holderman (Ret.) of JAMS Chicago; the monetary relief provided for the Settlement Class constitutes adequate compensation, taking into account the risks that both sides faced with respect to the merits of the claims alleged and remedies requested, the costs, risks, and delay of trial and appeal, the hurdles involved in maintaining a class action, and the expense and duration of further litigation, as well as the other factors listed in Federal Rule 23(e)(2)(C); and the Settlement Agreement treats Settlement Class Members equitably relative to each other. The Settlement is also fair, adequate, and reasonable based on the four factors laid out in *Van Horn v. Trickey*, 840 F.2d 604 (8th Cir. 1988), namely: (1) the Settlement provides adequate compensation in light of the strength of Plaintiff's case; (2) the financial condition of the Defendant is such that the Settlement is reasonable; (3) the complexity and expense of further litigation counsels in favor of approval; and (4) the absence of opposition to the Settlement. Therefore, the Settlement is finally approved.

8.     For settlement purposes only, the Court confirms the appointment of Plaintiff Scott Pearlstone as Settlement Class Representative of the Settlement Class and the following counsel as Settlement Class Counsel:

   Myles McGuire
   Paul T. Geske
   Brendan Duffner
   McGuire Law, P.C.
   55 W. Wacker Drive, 9th Floor
   Chicago, IL 60601

9.     With respect to the Settlement Class, the Court finds, for settlement purposes only, that the prerequisites to certification listed in Federal Rule of Civil Procedure 23 are satisfied, namely:

      A.      Rule 23(a)(1) is satisfied because the Settlement Class is so numerous that joinder would be impracticable;

      B.      Rule 23(a)(2) is satisfied because the Settlement Class Members all present a common contention and suffered common injuries;

      C.      Rule 23(a)(3)'s typicality requirement is met because the claims of the named Plaintiff are typical of the Settlement Class Members' claims;

      D.      The adequacy requirements of Rule 23(a)(4) are satisfied because Plaintiff's interests are not antagonistic to those of the Settlement Class and Settlement Class Counsel vigorously pursued all claims;

      E.      Rule 23(b)(3) is satisfied because common issues predominate over individual issues, the Settlement Class is manageable for settlement purposes, and class-wide resolution is the superior method for resolving this dispute.

*See In re Aurora Dairy Corp.*, 4:08-md-1907, 2013 U.S. Dist. LEXIS 205352, at *16–21 (E.D. Mo. Feb. 26, 2013).

10.    The Court finds that adequate notice was given to all Settlement Class Members pursuant to the terms of the Parties' Settlement Agreement and the Preliminary Approval Order. The Court has further determined that the Notice Plan fully and accurately informed Settlement Class Members of all material elements of the Settlement, constituted the best notice practicable under the circumstances, and fully satisfied the requirements of Federal Rule 23(c)(2) and 23(e)(1), applicable law, and the Due Process Clause of the United States Constitution.

11.    The Court orders the Parties to the Settlement Agreement to perform their obligations thereunder. The terms of the Settlement Agreement shall be deemed incorporated

herein as if explicitly stated and shall have the full force of an order of this Court.

12. The Court enters judgment and dismisses the Litigation with prejudice, with each Party to bear its own fees and costs (except as otherwise provided herein and in the Settlement Agreement) as to Plaintiff's and all Settlement Class Members' claims against Defendant. The Court adjudges that the Settlement Class Member Released Claims, the claims covered under the Individual General Release by Settlement Class Representative, and all of the claims described in the Settlement Agreement are released against the Releasees.

13. The Court adjudges that Plaintiff and all Settlement Class Members who have not opted out of the Settlement Class shall be deemed to have fully, finally, and forever released, relinquished, and discharged all Settlement Class Member Released Claims against the Releasees.

14. The Court further adjudges that, upon entry of this Order, the Settlement Agreement and the above-referenced release of the Settlement Class Member Released Claims will be binding on, and have preclusive effect in, all pending and future lawsuits or other proceedings maintained by or on behalf of Plaintiff and all other Settlement Class Members who did not validly and timely opt out of the Settlement, and their respective affiliates, assigns, heirs, executors, administrators, successors, agents, and insurers, as set forth in the Settlement Agreement. The Releasees may file the Settlement Agreement and/or this Final Order and Judgment in any action or proceeding that may be brought against them in order to support a defense or counterclaim based on principles of *res judicata*, collateral estoppel, release, good faith settlement, judgment bar or reduction, or any other theory of claim preclusion or issue preclusion or similar defense or counterclaim.

15. Plaintiff and Settlement Class Members who did not validly and timely request exclusion from the Settlement are permanently barred and enjoined from asserting, commencing,

prosecuting, or continuing any of the Settlement Class Member Released Claims or any of the claims described in the Settlement Agreement against any of the Releasees.

16. The Court approves payment of Attorneys' Fees and Litigation Expenses to Settlement Class Counsel in the amount of $1,813,657.96. This amount shall be paid from the Class Settlement Amount in accordance with the terms of the Settlement Agreement. The Court, having considered the materials submitted by Settlement Class Counsel in support of final approval of the Settlement and their request for Attorneys' Fees and Litigation Expenses and in response to any timely filed objections thereto, finds the award of Attorneys' Fees and Litigation Expenses appropriate and reasonable for the following reasons: First, the Court finds that the Settlement provides substantial benefits to the Settlement Class. Second, the Court finds the payment fair and reasonable in light of the substantial work performed by Class Counsel. Third, the Court concludes that the Settlement was negotiated at arms-length without collusion, and that the negotiation of the attorneys' fees only followed agreement on the settlement benefits for the Settlement Class Members. Finally, the Court notes that the Class Notices specifically and clearly advised the Settlement Class Members that Settlement Class Counsel would seek an award in the amount sought.

17. The Court approves payment of an Incentive Award in the amount of $10,000 for the Settlement Class Representative, and specifically finds such amount to be reasonable in light of the services performed by Plaintiff for the Settlement Class, including taking on the risks of litigation and helping achieve the compensation made available to the Settlement Class. This amount shall be paid from the Settlement Fund in accordance with the terms of the Settlement Agreement.

18. Neither this Final Order and Judgment, the Settlement Agreement, nor the payment

of any consideration in connection with the Settlement shall be construed or used as an admission or concession by or against Defendant or any of the Releasees of any fault, omission, liability, or wrongdoing, or of the validity of any of the Settlement Class Member Released Claims. This Final Order and Judgment is not a finding as to the merits of any claims in this Litigation or a determination of any wrongdoing by Defendant or any of the Releasees. The final approval of the Settlement Agreement does not constitute any position, opinion, or determination of this Court as to the merits of the claims or defenses of the Parties or the Settlement Class Members.

19. There having been no objections to the Settlement Agreement, the Court finds that no reason exists for delay in entering this Final Order and Judgment. Accordingly, the Clerk is directed to enter this Final Order and Judgment.

20. The Parties, without further approval from the Court, are permitted to agree to and adopt such amendments, modifications, and expansions of the Settlement Agreement and its implementing documents (including all exhibits to the Settlement Agreement) so long as they are consistent in all material respects with the Final Order and Judgment and do not limit the rights of the Settlement Class Members.

IT IS SO ORDERED.

ENTERED: April 22, 2021

_____
HENRY EDWARD AUTREY
UNITED STATES DISTRICT COURT JUDGE