# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF MISSOURI
# EASTERN DIVISION

| | |
|---|---|
| SCOTT PEARLSTONE, *individually and on behalf of all others similarly situated,*  )<br>)<br>)<br>)<br>Plaintiff,  )<br>)<br>v.  )<br>)<br>WAL-MART STORES, INC.,  )<br>)<br>Defendant.  ) | Case No. 4:17CV2856 HEA |

## OPINION, MEMORANDUM AND ORDER

This matter is now before the Court on Plaintiff's Unopposed Motion for Approval of *Cy Pres* Distribution of Residual Settlement Funds [Doc. No. 92]. For the reasons set forth below, Plaintiff's Motion will be granted.

On April 22, 2021, this Court granted final approval to the Class Settlement Agreement reached in this matter [Doc. No. 88]. Under the Settlement, Defendant agreed to deposit $5,000,000 into a Qualified Settlement Fund ("QSF") to pay (among other things) all approved Claims submitted by Settlement Class Members. The Settlement Administrator began distributing payments from the QSF to Claimants who had timely submitted valid Claims by distributing individual payments by check or electronic means. After the initial distribution, the Settlement Administrator made several additional attempts to effectuate payments

to Claimants that had either failed to cash their check or otherwise failed to claim their payment electronically prior to the void-by date for those payments. These additional attempts included issuing and mailing new checks and sending emails with options for claiming an electronic payment. Despite multiple attempts to effectuate payments to all Claimants, there are residual funds remaining in the QSF established under the Settlement. The most recent report sent to the Parties by the Settlement Administrator stated that there was approximately $169,183.87—or 3.4% of the total QSF—in residual funds remaining after payment of all outstanding Notice and Administration Costs.

In accordance with the Parties' Settlement Agreement, unclaimed funds from the Settlement are to be distributed to one or more *cy pres* designees. The Parties' Settlement Agreement provides that "[c]hecks that are issued but not redeemed within 120 Days are void. Any remaining amounts due to uncashed checks shall be distributed to recipient(s) to be chosen by the Parties and approved by the Court."

Plaintiff seeks the Court's approval for distribution of unclaimed residual funds to the following organizations: 20% to Legal Services of Eastern Missouri; 20% to Legal Aid Western Missouri; 20% to Mid–Missouri Legal Services Corporation; 20% to Legal Services of Southern Missouri; and 20% to Washington

University School of Law's Low Income Taxpayer Clinic. Defendant does not oppose this request.

The Eighth Circuit has "discussed with approval" the American Law Institute's ("ALI") *cy pres* criteria:

> A court may approve a settlement that proposes a *cy pres* remedy. . . . The court must apply the following criteria in determining whether a *cy pres* award is appropriate:
>
> (a) If individual class members can be identified through reasonable effort, and the distributions are sufficiently large to make individual distributions economically viable, settlement proceeds should be distributed directly to individual class members.
>
> (b) If the settlement involves individual distributions to class members and funds remain after distributions (because some class members could not be identified or chose not to participate), the settlement should presumptively provide for further distributions to participating class members unless the amounts involved are too small to make individual distributions economically viable or other specific reasons exist that would make such further distributions impossible or unfair.
>
> (c) If the court finds that individual distributions are not viable based upon the criteria set forth in subsections (a) and (b), the settlement may utilize a *cy pres* approach. The court, when feasible, should require the parties to identify a recipient whose interests reasonably approximate those being pursued by the class. If, and only if, no recipient whose interest reasonably approximate those being pursued by the class can be identified after thorough investigation and analysis, a court may approve a recipient that does not reasonably approximate the interests being pursued by the class.

*Rawa v. Monsanto Co.,* 2018 WL 2389040, at *10 (E.D. Mo. May 25, 2018), *aff'd* 934 F.3d 862, 866 (8th Cir. 2019), citing *David P. Oetting, Class Rep. v. Green Jacobson, P.C.,* 775 F.3d 1060 (8th Cir. 2015). "The unclaimed funds

3

should be distributed for a purpose as near as possible to the legitimate objectives underlying the lawsuit, the interests of class members, and the interests of those similarly situated." *Id.* at 866 n.2 (8th Cir. 2019).

Here, a *cy pres* distribution is appropriate because the amounts involved are too small to make individual distributions economically viable. Because the amount of residual settlement funds after payment of all outstanding Notice and Administration Costs is approximately $169,183.87, and more than 250,000 Claims were submitted, any further pro rata distribution would only allow for payments of less than one dollar per person, most of which would be absorbed by the administrative costs of mailing or distributing such payments. *See Caligiuri v. Symantec Corp.,* 855 F.3d 860, 867 (8th Cir. 2017) (affirming a proposed *cy pres* distribution and finding no abuse of discretion where the "remaining funds are insufficient to pay at least $2 to each approved claimant"). Additionally, a *cy pres* distribution is appropriate here because: (1) it is authorized under the Parties' Settlement Agreement; (2) it was approved by the Court's Final Approval Order approving the Settlement; (3) the Settlement Class Members have received fair and complete relief under the Settlement; (4) the Settlement Class Members were notified of the possibility of a *cy pres* distribution through the Settlement's Notice Plan; and (5) there were no objections to the Settlement or the Settlement's proposed *cy pres* distribution of uncashed checks.

4

Plaintiff maintains Legal Services of Eastern Missouri, Legal Aid Western Missouri, Mid–Missouri Legal Services Corporation, and Legal Services of Southern Missouri are charitable legal aid organizations whose goals and missions are aligned with the nature and purpose of the Settlement in this matter. This lawsuit was a consumer class action involving claims that Defendant allegedly breached its customer agreements by failing to fully refund sales taxes to customers when issuing refunds. These organizations' mission of promoting access to justice and providing free legal help for low-income individuals and families is in line with the underlying objectives of this lawsuit, the interests of the Settlement Class Members, and the interests of those similarly situated. Similarly, the Washington University School of Law's Low Income Taxpayer Clinic's work of assisting low-income taxpayers with tax disputes also aligns with this case and this Settlement. The Court agrees that Legal Services of Eastern Missouri, Legal Aid Western Missouri, Mid–Missouri Legal Services Corporation, and Legal Services of Southern Missouri are charitable legal aid organizations whose goals and missions are aligned with the nature and purpose of the Settlement in this matter.

Accordingly,

**IT IS HEREBY ORDERED** that Plaintiff's Unopposed Motion for Approval of *Cy Pres* Distribution of Residual Settlement Funds [Doc. No. 92] is **GRANTED.**

**IT IS FURTHER ORDERED** that 20% of the residual settlement funds shall be distributed to *cy pres* designee, Legal Services of Eastern Missouri.

**IT IS FURTHER ORDERED** that 20% of the residual settlement funds shall be distributed to *cy pres* designee, Legal Aid Western Missouri.

**IT IS FURTHER ORDERED** that 20% of the residual settlement funds shall be distributed to *cy pres* designee, Mid–Missouri Legal Services Corporation.

**IT IS FURTHER ORDERED** that 20% of the residual settlement funds shall be distributed to *cy pres* designee, Legal Services of Southern Missouri.

**IT IS FURTHER ORDERED** that 20% of the residual settlement funds shall be distributed to *cy pres* designee, Washington University School of Law's Low Income Taxpayer Clinic.

Dated this 7th day of April, 2023.

_____
HENRY EDWARD AUTREY
UNITED STATES DISTRICT JUDGE